THE MORTGAGE HOLDING CORPORATION, a Corporation, O. FALK and ERNEST BERGER, *Appellants,* v. JOSEPH P. SUMMY, and MARGARET SUMMY, *Appellees.*

ON PETITION FOR RE-HEARING.

Opinion filed May 23, 1929.

BUFORD, J.—In this case petition for re-hearing calls our attention to the fact that in the opinion it is stated. "The stock was delivered to the appellees at that place", meaning at the office of the corporation in Hillsborough County; and also that the opinion further states that, "There is no evidence in the record that the appellant, The Mortgage

Holding Corporation, at any time offered to deliver any of its capital stock * * * except ·in Hillsborough County,'' and that these two statements in the opinion are not in accord with the record. Upon an inspection of the record on pages referred to by counsel in petition for re-hearing, we find that the contention made is correct.

The certificates of stock were delivered in Pinellas County, but they were so delivered in that County after the purchase and sale had been entirely closed in Hillsborough County. After the sale had been consummated in Hillsborough County and after the elapse of several months, while the certificates were being held, prepared in the manner directed by the purchaser, the purchaser sought to rescind the purchase and for the purpose of determining what should be done an officer of the corporation went with the purchaser and the then owner of the certificates of stock, to the office of the purchaser's attorney in Clearwater, in Pinellas County, and there the purchaser and the officer of the corporation explained in detail the transactions between the parties, exhibited the evidence of the purchase and sale of the stock, and the purchaser's attorney then and there advised the purchaser in effect that he had bought and paid for the stock and would have to accept the certificates, and, thereupon the certificates were delivered to him. These facts do not change the status or the rights of the parties, and, therefore, the petition for re-hearing is denied.

WHITFIELD, ELLIS AND BROWN, J. J., concur.